UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ARTHUR E. SANDERSON, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-1397 PS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

Arthur E. Sanderson, Jr., a *pro se* prisoner, filed this habeas corpus petition challenging his probation violation by the St. Joseph Superior Court on May 22, 2009, under cause number 71D08-0407-FB-096. He signed the habeas corpus petition on December 17, 2013. He has not previously challenged this probation violation in any state court.

Question 16 on the habeas corpus form asked Sanderson to explain why the petition is timely.[1] In response he wrote, "This petition is timely because its approval should grant me immediate release from imprisonment. I served twenty-four (24) actual months of the thirty (30)

---

[1] Pursuant to 28 U.S.C. § 2244(d), habeas corpus petitions are subject to a strict one year statute of limitations.
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
.

actual months required by the State of Indiana. I completed the sentence in question on May 21, 2011. That time, now that it has been served (allegedly unlawfully) should be credited to my current sentence which would result in my immediate release from imprisonment." [DE 1 at 5.] He also argues that he did not know that he could (or should) file either a direct appeal, *see Jones v. State*, 885 N.E.2d 1286 (Ind. 2008), or a post-conviction relief petition, *see Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), challenging this probation revocation.

Sanderson makes no mention of (and nothing in this petition indicates that) state action that prevented him from filing this habeas corpus petition sooner, that the petition is based on a newly recognized Constitutional right, or newly discovered evidence. Therefore §§ 2244(d)(1)(B), (C) and (D) are not applicable to this case. Moreover, mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting tolling *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Thus, the 1-year period of limitation began – pursuant to § 2244(d)(1)(A) – when the judgment became final upon the expiration of the time for seeking direct review. Here, the last day to have filed a direct appeal from the probation revocation was June 22, 2009. *See* Ind. R. App. P. 9.A.(1). Because Sanderson did not file a post-conviction relief petition, the 1-year period of limitation for filing a habeas corpus petition expired on June 22, 2010. However, Sanderson did not sign this habeas corpus petition until more than three years later on December 17, 2013. Therefore this habeas corpus petition is untimely and must be dismissed.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has

two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**SO ORDERED.**

ENTERED: February 7, 2014

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT